T.C. Summary Opinion 2002-92

UNITED STATES TAX COURT

DONNELL FLOYD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2619-01S.                    Filed July 17, 2002.

Donnell Floyd, pro se.

<u>David R. Jojola</u>, for respondent.

COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  The decision to be entered
is not reviewable by any other court, and this opinion should not
be cited as authority.

_____

[1]    Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
year at issue.

Respondent determined a deficiency of $2,927 in petitioner's Federal income tax for 1998.

The issues for decision are: (1) Whether petitioner is entitled to a dependency exemption deduction under section 151 for one of his twin children; (2) whether petitioner is entitled to head-of-household filing status under section 2(b); and (3) whether petitioner is entitled to the earned income credit under section 32(a).

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and are made part hereof. Petitioner's legal residence at the time the petition was filed was Ontario, California.

Petitioner and Lavonda C. Floyd (Ms. Floyd) were married on December 10, 1989. Two children, twins, were born during the marriage: Dawnielle C. Floyd (Dawnielle) and Donnell R. Floyd, II (Donnell II), on January 12, 1992. Petitioner and Ms. Floyd separated on August 1, 1995. A petition for dissolution of marriage was filed on November 20, 1997, in the Superior Court of California, County of San Bernardino.

A judgment of dissolution was entered on February 8, 1999. In that judgment, petitioner and Ms. Floyd were awarded joint legal custody of the twins. Petitioner was awarded physical custody on the first and third Sunday through Wednesday and the second and fourth Monday through Wednesday of each month.

Petitioner was ordered to pay child support of $148 per month.

The year at issue involves the period after petitioner separated from his wife but before any decree of divorce or separate maintenance or any written document establishing custodial rights and responsibilities existed.  During the year in question, the care, custody, and support of the twins were divided informally.  Petitioner generally kept the children from Sunday through Wednesday of each week; Ms. Floyd kept them Wednesday through Sunday.  On occasion, petitioner would have them Monday through Wednesday or later than Wednesday.  At their parents' preference, the children stayed together wherever they went, except for occasional illnesses or other reasons.

During the year in question, petitioner lived in a rented apartment with his mother.  He supported himself as a hair stylist and by performing other work in a group home.  Petitioner occasionally purchased items of clothing for the twins when they were in his care.  In 1998, petitioner gave Ms. Floyd $1,000 for the support of the children on an ad hoc basis.  Petitioner also alleged he provided medical coverage for the children during 1998; however, that was not substantiated with documentary evidence.

During 1998, Ms. Floyd lived with her stepmother, whom she paid $300 for rent and $100 for utilities monthly.  She paid for her own telephone service and household items.  She worked as a

hair stylist and group counselor.  Ms. Floyd also provided clothing and other items for the children and paid medical expenses for them.

Petitioner alleges he and Ms. Floyd reached an oral agreement that each of them would claim one dependency exemption on their income tax returns for 1998.  Ms. Floyd would claim the exemption for their daughter, Dawnielle, and petitioner would claim the exemption for their son, Donnell II.  Ms. Floyd denied such an agreement, and no written document or agreement to that effect was offered into evidence.

Petitioner's adjusted gross income was $10,608 for 1998.  On his 1998 return, petitioner claimed head-of-household filing status, a dependency exemption deduction for his son, Donnell II, and an earned income credit of $2,271, with Donnell II reported as the qualifying child.  Petitioner did not claim a dependency exemption for his daughter, Dawnielle.  On her 1998 return, Ms. Floyd claimed dependency exemption deductions for both children.

In the notice of deficiency, respondent determined petitioner's filing status as married filing separately.  In addition, respondent disallowed petitioner's dependency exemption for his son and disallowed the claimed earned income credit.

The first issue for decision is whether petitioner is entitled to the dependency exemption deduction for his son. Section 151(c) allows taxpayers to deduct an annual exemption

amount for each dependent, as defined in section 152.  Under

section 152(a), the term "dependent" means certain individuals,

including the son or daughter of the taxpayer, over half of whose

support was received from the taxpayer during the taxable year in

which such individual is claimed as a dependent.

Subject to exceptions not applicable here, section 152(e)

provides a support test for children of parents who are divorced,

separated, or living apart.  It provides:

> (1) Custodial parent gets exemption.--Except as otherwise
> provided in this subsection, if--
>
>> (A) a child (as defined in section 151(c)(3))receives
>> over half of his support during the calendar year from
>> his parents--
>>
>>> (i) who are divorced or legally separated under
>>> a decree of divorce or separate maintenance,
>>>
>>> (ii) who are separated under a written
>>> separation agreement, or
>>>
>>> (iii) who live apart at all times during the
>>> last 6 months of the calendar year, and
>>
>> (B) such child is in the custody of one or both of his
>> parents for more than one-half of the calendar year,
>
> such child shall be treated for purposes of * * * [section
> 152(a)] as receiving over half of his support during the
> calendar year from the parent having custody for a greater
> portion of the calendar year * * * [i.e., custodial parent].

Moreover, section 1.152-4(b), Income Tax Regs., generally

provides that, in the absence of a custody or divorce decree or

written separation agreement, "'custody' will be deemed to be

with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year."

Since petitioner and Ms. Floyd lived apart during all of 1998, the issue under section 152(e)(1)(B) is whether Donnell II was in the custody of petitioner for more than one-half of the calendar year. On this record, the evidence fails to establish this fact. Petitioner did not have physical custody of his son for a greater portion of the year than did Ms. Floyd, the child's mother.

While petitioner and Ms. Floyd had worked out an equitable arrangement whereby the children spent several days each week with petitioner, that time did not exceed one-half of the calendar year in total. Even if, as petitioner contends, both children spent every Sunday through Wednesday with him, the children in fact spent part of Sunday and part of Wednesday with their mother, as well as all of Thursday through Saturday with her. On the basis of the testimony and the record, the Court holds that the twins spent more than half of their time in the custody and care of their mother during 1998.

Because Ms. Floyd was the custodial parent of the twins in 1998, Donnell II is treated as having received over half of his support from Ms. Floyd during that year. Sec. 152(e)(1). This result provides consistent treatment for the children, who were

generally together at all times.  Because Donnell II did not receive over half of his support from petitioner, Donnell II cannot be claimed as petitioner's dependent.  Respondent is sustained on this issue.

The second issue is whether petitioner is entitled to head-of-household filing status.  As relevant here, section 2(b) defines a head of household as an individual taxpayer who (1) is not married at the close of the taxable year, and (2) maintains as his home a household which constitutes "for more than one-half of such taxable year" the principal place of abode of a son or daughter of the taxpayer.  Sec. 2(b)(1)(A)(i).

The rules provided by section 7703(b) are applicable for determining an individual's marital status.  Sec. 2(c).  Certain married individuals living apart can be considered unmarried if three requirements are met.  See sec. 7703(b).  On this record, for the year in question, petitioner is considered married. There was no operative decree of divorce or separate maintenance between petitioner and Ms. Floyd in 1998.  See sec. 2(b)(2)(B). In addition, petitioner did not maintain as his home a household that constituted for more than one-half of the taxable year the principal place of abode of a child with respect to whom petitioner is entitled to a deduction under section 151.  Sec. 7703(b)(1).  Petitioner, therefore, does not qualify for head-of-household filing status under section 2(b) and (c).  His proper

filing status is married filing separately.  See sec. 1(d).
Respondent is sustained on this issue.

The final issue for decision is whether petitioner is
entitled to an earned income credit.  Section 32(a) provides for
an earned income credit in the case of an eligible individual.
However, a married individual cannot claim the earned income
credit if his filing status is married filing separately.
Section 32(d) provides:  "In the case of an individual who is
married (within the meaning of section 7703), this section shall
apply only if a joint return is filed for the taxable year under
section 6013."  Since the Court has concluded that petitioner was
considered married in 1998, and no joint return was filed for
that year, petitioner is not entitled to the earned income
credit.  Respondent is sustained on this issue.[2]

---

[2]     The Internal Revenue Service Restructuring & Reform Act
of 1998, Pub. L. 105-206, sec. 3001, 112 Stat. 726, added
sec. 7491, which, under certain circumstances, places the burden
of proof on the Secretary with respect to any factual issue
relevant to ascertaining a taxpayer's liability for taxes in
court proceedings arising in connection with examinations
commencing after July 22, 1998.  The examination of petitioner's
return commenced after July 22, 1998.  Nevertheless, the burden
of proof with respect to the items of deficiency did not shift to
respondent.  Petitioner has neither alleged that sec. 7491 is
applicable nor established that he complied with the requirements
of sec. 7491(a)(2)(A) and (B).  See Higbee v. Commissioner, 116
T.C. 438 (2001).  Moreover, even if respondent carries the burden
of proof, the Court is satisfied that such burden has been met.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.